IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Court's
Southern District of Texas
FILED

AUG 0 2 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| JOHN E. HALL, | & | |
| PLAINTIFF | & | |
| | & | CIVIL ACTION NO. |
| V. | & | |
| | & | |
| EXPERIAN INFORMATION | & | |
| SOLUTIONS,INC., UNKNOWN | & | |
| HOUSTON POLICE INTERNAL | & | |
| AFFAIRS INVESTIGATOR, | & | |
| JEFFERSON CAPITAL | & | |
| COLLECTION AGENCY, and IC Systems | & | |
| EASY PAY LOANS, | & | |
| NEWMAN BOOK PUBISHING | & | |
| CARLOS SAUZO | & | |
| JUDGE L. KORDUBA (WITNESS) | & | |
| DEFENDANTS | & | |

ORIGINAL COMPLAINT

## I. **PRELIMINARY STATEMENT**

This is an action for damages brought by plaintiff as a consumer against Defendants

Experian Credit Solutions, Unknown Houston Police Internal Affairs Officer, Jefferson Capital

Collection Agency, Department of Education Student Loan, Potentially Easy Pay Loans, Carlos

Suazo, Judge Korduba and Potentially Newman Book Publishing, for engaging in a conspiracy

to breach contracts, overcharge for non-services, inferior services, or the wrong services; then,

violate the Fair Credit Reporting Act (FCRA) and The Fair Debt Collection Practices Act

(FDCPA), in order to collect unlawful debt, lower credit  scores, and deny credit.

## II. **JURISDICTION**

Jurisdiction of this Court arises under provisions of 15 U.S.C. & 1681, et seq. and 15 U.S.C. & 1692, et seq.

### III.   PARTIES

Plaintiff, John E. Hall, is a resident of Harris County, Texas. Plaintiff is a consumer as defined by FCRA and FDCPA.

Defendant **Experian Information Solutions** (hereinafter "Experian") is both a "person" and a "consumer reporting agency" (CRA) as defined by FCRA. Experian is authorized to do business in the State of Texas. Their principal place of business is at 701 Experian Parkway, Allen, Tx. 75013. Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. 1681a(f) of the Act regularly engaged in the business of assembling, evaluating, and dispersing Information concerning consumers for the purpose of furnishing consumer reports, as defined in 1681 a(d) of the Act, to the third parties.

Defendant, unknown Houston Police Internal Affairs Officer, **City of Houston**, is alleged to have interfered in retail sales, employment, housing, and education contracts so merchants would overcharge plaintiff for services rendered as part of a post employment stigma plus retaliation conspiracy for expressing first amendment right regarding public corruption In violation of the custom associated with the police the Houston code of silence.

Defendant, **Jefferson Capital, LLC.,** is a Minnesota based collection company that operates in Texas. Jefferson Capital LLC purchased an alleged debt from OneMain as part of a Conspiracy to charge plaintiff for a debt that was outside the statute of limitations; yet, place that disputed debt on plaintiff three credit reports. **IC Systems** is also a collection agency.

Defendant, **Judge Korduba,** a small claims Judge who approved a judgment based on

2

an alleged debt which was banned by the statute of limitation. Judge Korduba and Jefferson

Capital Attorney, Cooper, conspired to file a small claims debt case under **cause no.**

**234200425693.** Judge Korduba actions facilitated Jefferson Capital in collecting an unlawful

debt.

Defendant, **Carlos Suazo,** a police officer who lied about owing delinquent HOA dues

and violating Texas Property Code, sec. 207.004 Property Code 207: Disclosure of Property

Owner Association. Mr. Sauzo refused to report my mortgage payments to the credit bureau.

Mr. Sauzo and Attorney North, Northwest Memorial Assn, attempted to foreclose on property if

I failed to pay his past delinquent HOA dues. Attorney North did collected an unlawful debt

under the threat of foreclosing on the plaintiff's property. Plaintiff filed a small claim lawsuit

against Carlos Suazo in Judge Korduba's court under **cause no. 23420043996** in an attempt to

be reimbursed from the funds stolen from him by Mr. Suazo and Attorney North.

Defendant, **Department of Education,** Washington, DC., Administrative Procedural

Act, Under 5 U.S.C. 706(1), the Department of Education failed to investigate complaints of

discrimination and retaliation at Capella University and the interference of an education contract

by the Houston Police Department under 42 USC 1981 which lead to plaintiff not being able to

pay his student loans, gain employment in law enforcement,  and obtain credit due to a stigma

plus  smear conspiracy affixed to his payroll by HPD.  The failure to investigate under Section

551(13) has lead to the Department of Education and Mohela attempting to collect an unlawful

debt.

Defendants, Easy Pay Leasing, a third party finance company, financed vehicle repairs

by Meinecke. Meinecke failed to diagnose the vehicle problem because they lied about having

the proper computer software. When plaintiff's vehicle had to be towed from their shop twice,

Meineke still charged plaintiff. Easy Pay Leasing threaten to place the repair bill debt on

plaintiff's credit report. Plaintiff forwarded a small claims complaint suing Easy Pay Leasing and

they failed to respond. Plaintiff claims defendant seeks to collect unlawful debt.

Defendants, Newman Publishing, a book publisher, threaten to report delinquent

Installment payments to the three credit bureaus. Plaintiff owes the company nothing because

they did not publish work on the book. The book was already published on amazon.com.

which they were aware of.  Plaintiff claims that all defendants seek to collect unlawful debt.

## IV. FACTUAL ALLEGATIONS AND BACKGROUND
## OF RICO ENTERPRISE ACTIVITY

The claims in this lawsuit are a continuation of events unlawfully orchestrated by

Houston's  City Attorney's Office in 1995.  Over a span of 30 years, the City of Houston

has engaged in corrupt activities such as fabricating evidence, destroying evidence, and

manipulate evidence to harass, to harm  the plaintiff's reputation, to overcharge him in

contractual matters, and once he disputed the discriminatory treatment, the furnisher of his

accounts would place inaccurate information on his credit reports.  Plaintiff  will show that the

mode of operation to effectuate the  Defendant's RICO enterprise activity is based on fraud,

perjury, false documents,  the failure to investigate complaints, and an obstruction of justice.

From 1995 to Oct. 3, 2022, the Houston Police Department flagged plaintiff payroll with

 Plaintiff retired in 2004.

The current violations  of  FCRA and FDCPA are a continuation of past acts of retaliation:

In 1995, officers placed drugs in Plaintiff's rental property; In 1999, the City of Houston, allowed

a rich developer to built on plaintiff property at 3212 Jackson, Midtown Houston; In 2001, the

homicide division placed a dead body in the plaintiff's rental property to force tenants to move.

In 2019, an IAD officer, Vasquez, used the Police computer to contact my son, Martice Hall, and

informed him that he had an outstanding warrant for his arrest. My son who was born with a

kidney ailment was on dialysis and later became distraught and died. My son lived in Dallas.

 The City of Houston, the police IAD division, the City's OIG, and **the Sheriff Department**

refused to investigate. After discovering the Oct. 3, 2022 revelation, the plaintiff filed a lawsuit

under  4:23-cv-01620. In order to discredit Plaintiff, in 1995, the assistant City Attorney Robert

Lee had **Plaintiff's medical records destroyed (HIPPA violations**) and made up their own

lie that Plaintiff was unfit for duty due to a mental health issue. This was the stigma plus smear

conspiracy that the City of Houston and the Houston Police IAD investigators used to cover up

political and police misconduct.

Plaintiff claims that since none of the defendants have conducted a thorough  investigation;

then, the retaliation has continued. Plaintiff some of the alleged debt was contributed to two

bouts of Covid 19 and major life threatening surgery. However, the City of Houston was aware of

this since they provide the plaintiff with his insurance carrier. In the present lawsuit, defendants

violated FCRA and FDCPA by manipulating the  **first date of delinquency on collection**

**accounts.**

Plaintiff invokes the joint enterprise theory which alleges that defendants are collectively liable

for their separate roles in the conspiracy to collect unlawful debt from plaintiff based on FCRA

and FDCPA violations. Plaintiff claims that defendants acted as a joint enterprise characterized

by (a) an agreement, express or implied, among the members of the group; (b) a common

purpose to be carried out by the group; ( c) a community of pecuniary interest in that purpose,

amount, the members,; (d) an equal right to a voice in the direction of the enterprise, which

gives an equal right of control. Shoemaker v. Estate of Whisler, 513 S.W. 2d 10, 18 (Tex.

1974). Plaintiff claims that all defendants **failed to investigate and maintain reasonable**

**procedures to detect fraud,** inaccurate information, deception, and misleading information.

Plaintiff claims these defendants combined negligence with malice in order to continue their

scheme to collect unlawful debt.

On 11-22-2023, Jefferson Capital filed a lawsuit in small claims court in the amount of

$7,936.94 against plaintiff. On **Dec. 7, 2023**, Jefferson Capital requested that the court grant

them  alternative service on plaintiff. On 5-3-2019, OneMain entered into a contract with

Plaintiff under a federal arbitration agreement. OneMain failed to honor the arbitration

agreement. Jefferson Capital purchased the account from OneMain in 2022. The first date of

delinquency on the One Main account was September 2019.

**On 11-29-23,** Plaintiff answered the lawsuit and requested that Jefferson Capital verify

the debt. In his answer, Plaintiff stated he believed that a lawsuit was illegal since he believed

the four year statute of limitations had expired. Plaintiff provided a written affirmative defense to

the Court that the lawsuit was barred by a statute of limitations. Jefferson Capital failed to

provide plaintiff with a **last date of delinquency. On July 23, 2024, Plaintiff contacted**

**OneMain and was told that Jefferson Capital LLC purchased the account May 5, 2022.**

**The OneMain representative Informed plaintiff that all reports including the September 2019 first date of delinquency was sent to Jefferson Capital LLC**. **This is the same first date of delinquency that is reflected in the Experian consumer report(s) as well as Equifax and TransUnion**.

Therefore, Jefferson Capital LLC was aware of the OneMain first delinquency date as being September 2019. The **Jefferson Capital attorney fabricated One Main documents and filed fake documents before the court which omitted  the first date of delinquency which were part of the original records provided to Jefferson Capital LLC by OneMain.**

On **Jan. 30, 2024**, From usa.experian.com, an experian report listed the following accounts as potentially negative: DRS, IC Systems, OneMain, Regional Finance, Syncb/Walmart, Vance & Huffman, LLC

**Experian Report number 3598-0653-31, dated Feb. 3, 2024,** contained the following

**Experian Report number 366424749, dated Feb. 2, 2024,** contained the following

Inaccuracies:

a.  John Earl, name ID#28396, Jihn Hall, nameID#25762, Jphn E. Hall, nameID#17148,

Omitted Dr. John E. Hall and Dr. John "Jay" Hall

Aka John Earl Hall, aka John Earl Hall aka Jay Hall

Truncated social security number

b.  Phone numbers 832-494-4455, 832-563-2240, 832-845-8812

c.  Spouse or co-applicant

Ann

d.  Employers

Houston Police Department retired social security and pension

e.  Potentially negative

Cap1/Wmt, list ten late payments, paid 0 on 9-30-22, paid 0 on 9-30-22, paid 0 on

9-1-22, paid 0 on 5-28-2022, paid 0 on 5-28-2022, paid 0 on 5-28-2022, paid 0 on

4-4-2022, paid 0 on 4-4-2022, paid 0 on 2-28-2022, paid 0 on 2-8-2022

f.  Potentially negative

Capital One, list 60 times past due 60 days , list 30 times past due 30 days

By Oct. 2029, this account is scheduled to go to a positive status.

Example. Paid 0 on 12-4-2023 contradicts with payment history provided (3 payment

contradictions)

g.  Potentially negative

Conn Appliances Inc

Paid 0 on 7-13-2022 contradicts $101 paid

h.  Potentially negative

**DRS acct 802196 collection, collection status July  2023, bal. $798, who is the**

**original creditor. First date of delinquency omitted  ( 15 USC & 1681c(a)(4)**

I  Potentially negative

I C System acct 157506, last date of payment Nov. 2023, do not owe this account

**First date of delinquency omitted  ( 15 USC & 1681c(a)(4)**

J  Potentially negative

Mohela/Dept of Ed. , this account presently is being disputed effective July 19, 2024,

Under borrower's defense of third party contract interference civil rights violations,

amount disputed. **Student Loan Debt disputed in Federal Court under case no.**

**4:23-cv-01620**. The payment history on the credit report is inaccurate and misleading

Because it does not reflect an accurate presentation of consumer creditworthiness.

K  Potentially Negative

OneMain acct#51932, **no data for September 2019**, delinquent October 2019, and

delinquency Nov. 2019. **This inaccurate payment history contradicts the payment**

**history showing that September 2019 was thirty days late on the  Experian**

**Reports.  Note: 30 days past due as of Sept. 2019; the first date of delinquency**

**omitted  ( 15 USC & 1681c(a)(4).**

**L. Potentially Negative**

**Jefferson Capital purchased charge off from OneMain as of Feb. 2022 for amount**

**$7,936.00. Last date of delinquency September 2019. First date of delinquency**

**omitted  ( 15 USC & 1681c(a)(4)**

m. Potentially Negative

Regional Finance, 57600, last date of delinquency August 2019, This case was dropped

By  creditor.   How do we investigate potentially negative. And Why did Experian

employees label the account potentially negative. And what is the name of the Experian

employee and what documentation did the Experian employee receive from Regional

Finance (date of contact, name of Regional Finance employee, and documentation.

**First date of delinquency omitted  ( 15 USC & 1681c(a)(4)**

n.  Potentially Negative

Syncb/Walmart, last date of delinquency

o. Potentially Negative

Vance & Huffman, LLC,acct# kt2400, collection, original creditor Moneykey, inc. last date of

Delinquency.  How do we investigate potentially negative account? And Why did Experian

employee label  the account potentially negative. And what is the name of the Experian

employee and  what  documentation did the Experian employee receive from Regional

Finance (date of contact, name of Monkeykey  employee, and documentation. **Account**

**was open 11-24-2021  but was updated from our last reinvestigation from Mar.2017.**

**First date of delinquency omitted  ( 15 USC & 1681c(a)(4)**

P. Potentially Negative

Conn. Appliance, Acct#5432

Q. Potentially Negative

DRS, acct#802196, collection, open 5-16-2023, $798, first date of delinquency July 2023

**First date of delinquency omitted  ( 15 USC & 1681c(a)(4)**

In April of 2024, Plaintiff reviewed his Experian credit report and discovered that under

the OneMain payment history that the last date of delinquency was October 2019. Plaintiff

disputed the collection account with Jefferson Capital LLC with Experian.

Experian Report number **0669-1561-13** dated 5-11-24, contained the following

Inaccuracies:

a.  OneMain, acct. 519327105139, page 7, **listed the first  date of delinquency as Oct. 2019**.

b.  OneMain, acct. 519327105139, page 7, listed the charge off date as May 2022.Jefferson

c.  Capital LLC listed no first date of delinquency which plaintiff had requested.

d.  The small claim judge denied plaintiff's request for production and consolidation on

    January 1-23-24.

e.  OneMain Acct, 1118233905139, page 15, list no first date of delinquency, open Nov.

    2018, Reported on credit report until May 2029. Reseasoning of debt.

f.  inaccuracies among Experian Inquiry Dates, page 16, bogus inquiry dates, all bogus

    except GoodLeap, LexisNexis, Xactus-cp

g.  Inaccuracies regarding personal information, page 18, **31 residential addresses**,

    invasion of privacy,. outside seven year reporting period, irrelevant to current credit

    Evaluation. Viols. Texas Public Information Act which protects personal information of

    Law enforcement officers under **Tex. Gov't Code & 552.117**, home address, home phone

    number, emergency contact, soc. security, family members. (confidential).Pose safety

    risk

h.  inaccuracies 17 entries of Clarity Loans on same day, page 17, on 9-29-23

I.  inaccuracies , credit ninja, credit one bank, clarity snap, page 17, on 9-15-23

j.  inaccuracies, 10 name variations, I only use two Dr. John "Jay" Hall or Dr. John E. Hall,

    page 17

k. inaccuracies, First National Bank Texas, acct# 7138, opened April 2014, no first missed

payment, continued until Nov 2024; violation of ten year drop off date, page 13.

l. inaccuracies, First National Bank Texas, acct#7200, open Jan. 2017, **no first missed**

**payment date**, continued until Aug.2027; violate seven years or violation of ten year

drop off date, **can't determine accuracy if there is no payment history provided**,

page 13

m.. inaccuracies, First National Bank Texas, acct#7219, open Oct. 2017, **no first missed**

**payment date**, continued until April. 2028, page 14; violation of seven year drop off

date, same no payment history.

n. inaccuracies, First National Bank Texas, acct#7236, date opened June 2018, **no first**

**missed payment date,** continued until Dec. 2028, can't determine accuracy if there is

no payment history provided.

14.. **Experian Report dated Jun. 29, 2024**

Inaccuracies:

a.  JIHN Hall, JPHN E. Hall

b.  Omitted: Dr. John "Jay" Hall, Omitted Dr. John E. Hall

c.  1710 Saddle Creek Dr, Houston, Tx. past seven years

d.  2001 Burke Rd., 54, Pasadena, Tx. past seven years

e.  Mohela / Department of Education Comments: **borrower defense disputed** due to

post employment retaliation pending lawsuit federal court No. 4:23-cv-01620 City of

Houston

f.  Public Record: Federal Court No. 4:23-cv-01620

g.  Public Record: Small Claims Court No. 234200425693

h.  Inaccuracies: Toyota Motor Credit, Conn. Appliance, Greensky/THD loan, JPMCB Card

15.. **Experian Report, account # 3115-5090-47  dated July. 16, 2024**

   Inaccuracies:

a.  Names

   Jihn Hall, #25762, JPHN, #17148, John Earl #28396, Hall, John, J.E. Hall #24043

   Omitted Dr. John "Jay" Hall, Dr. John Earl Hall

b.  Abuse of Privacy. List 38 addresses unrelated to current application for credit.

   The majority of these addresses were  **beyond seven year period**. Plaintiff claims

   the  38 addresses violates the Texas Public Information Act which protects personal

   information of law enforcement officers under **Tex. Gov't Code & 552.117**, home

   address, home phone number, emergency contact, soc. security, family members.

   (confidential).Plaintiff claims that this information pose safety  risk.  Some of these

   addresses included rental properties that came from the Houston Police Data Base not

   the Experian Consumer Report. Plaintiff claims that because the Houston Police Internal

   Affairs Division was working with the defendant, Joaquina Spikes, in federal case no.

   4:23-cv-01620.  Based on the false statements and inaccurate information in the

   Experian Reports, plaintiff claims that Experian, Jefferson Capital LLC  and the Houston

   Police Department were working as a joint enterprise to harm reputation and collect

   unlawful debt. Stevenson v. TRW  987 F. 2d 288 (5th Cir. 1993).

c.  Phone numbers

832-494-4455,  832-563-2240, 832-845-8812 never owned these number [ inaccurate and

misleading  information]. **Under 15 USC & 1681b**, the statute states that consumer reports

can only be used for permissible purposes: court order, consent of consumer, business

Transaction initiated by consumer, for employment purposes, insurance underwriting, and

credit transaction. In the present situation, t**he Houston Police IAD does not have a**

**legitimate or legally recognizable reason to have access to my consumer report**

**unless for purposes of retaliation.**

d.    Amerihome MtG, acct# 300019, inaccurate amt, $2,566 [incorrect].

e.    Cap1/Wmt

Labeled potentially negative is a confusing and ambiguous term which contradict FCRA

emphasis on accuracy, completeness, and clarity in reporting. **15 USC 1681i(a)** gives

the consumer the right to dispute vague terms of reporting.

f.    Capital One,

Labeled potentially negative also,  inaccuracies in payment history, no documentation

provided to consumer after investigation, What is the name of Experian employee, date,

verification procedures, copies of data provided to debtor, name of data furnisher. The

current payment history is printed on a word document rather than an electronic

company  spreadsheet affixed with the company's logo.

g.    Conn Appliance Inc.

Potentially negative, acct#54232, ditto.

h.  **One Main**

**Potentially negative, acct#519327, date opened 5-3-2019, closed $7, 936.00 write off**

Comment: Houston Police Internal Affairs Division interfered with this contract and

 told vendor to overcharge me.  One Main refused arbitration which was part of their

contractual agreement. One Main charged an interest rate in excessive of Texas Finance

Code. Rather than address this matter, One Main charged the account off. The payment

history is inaccurate and based on a word document rather than an electronic accounting

ledger from One Main. **The account was updated in April of 2024**. At no time, during

Experian investigation did the Experian investigator **provide plaintiff with documentation**

**verifying the actual payment history, the response to plaintiff's request for**

**arbitration,  and the first date of delinquency.** Since Experian's  reinvestigation failed to

 correct the inaccuracies within 30 days, **the Jefferson Capital account should have**

**been deleted.**

In an investigation of a dispute, the creditor must provide evidence to substantiate the

accuracy of the reported Information (15 USC 1681i) as part of their verification process.

Under statute 15 USC 1681i(a)(6)(iii), if a disputed item is found to be inaccurate,

incomplete, misleading, or cannot be verified, **Experian is required to notify plaintiff of**

**the  name and address of the furnisher of the information.**   In the present case,

Jefferson Capital LLC continued to conceal the first delinquent date information from the

small claims court and  Experian failed to investigate the dispute under **1681e(b)** which

provides the use of reasonable procedures are used to ensure maximum accuracy.

 Under **15 USC 1681c(a)(4)** (Sepulvado v. CSC  Credit Services, Inc. 158 F. 3d 890 (5th

Cir. 1998);  Experian failed to conduct  a reasonable Investigation by omitting the first

**date of delinquency which was October 2019.**

I.    Jefferson Capital Systems

Potentially Negative, acct#364490, charge off purchased from One Main, collection

This account is based on fraud and a breach of contract by One Main for not honoring

their arbitration clause. Jefferson Capital ignored the contractual arbitration agreement

and filed a small claims lawsuit against Plaintiff which was outside of the statute of

limitation.

K.    MOHELA/Dept of Education

Account disputed, #870560, filed borrower defense involving federal lawsuit cause no.

4:23-cv-01620. **Experian omitted small claims and federal lawsuits in public record**

**comment section.**Experian failed to conduct a reasonable investigation by contacting

MOHELA and  disseminating borrower's information. **Thirty (30) percent of my credit**

**score  Is determined by my student loan debt which was adversely impacted by**

**HPD's stigma plus smear campaign.  Under FCRA Section 623(a) (5), furnishers of**

**information are required to list the first date of delinquency.**

L.    Soft Inquiries

Inaccuracies: Did not authorize: Clarity/Bison Cash, Clarity/605L End, Clarity/Bison cash,

Clarity/Bison cash, Clarity/Boost Creditline, Clarity/Boost Credit Line, Clarity/Credit Ninja,

Clarity/Credit Ninja/Fms, Clarity/Credit Ninja/fms, Clarity/Credit ninja/fms,

Clarity/Explorecred-Hive, Clarity/Explorcred-Hive, Clarity/Feb. Credit fresh, Clarity/Fsst

MGT, Clarity/Net Pay Advance, Clarity/Net Pay Advance, Clarity/Patri a Lending/A,

Clarity/Patri a  Lending/A, Clarity Snap Finance, Clarity SNap Finance, Clarity Snap

Finance, Clarity Today Cash, Clarity/Wise Loan. Clarity Wise Loan, Clarity with you loan,

Clarity with you loan,  Clarify with u loans, Conn Appliances, Consumerinfo.com, Credit

NINJA/FMS, ECS SC  Pentius online au, EDC/Alliance RESIDENTAL, Over 250

unauthorized Experian credit Inquiries ?   **Plaintiff claims that these unauthorized**

**Experian inquiries were by third Parties such as HPD IAD using plaintiff's**

**identifying information on file.**

16. After complaining to Experian about inaccuracy entries on his Experian Reports,  Jan.

30, 2024, Experian Report#3598-0653-31, dated Feb. 3, 2024, and Experian Report#

3664-24749, dated Feb. 2, 2024, Plaintiff forwarded another dispute complaint letter to

Experian via Certified Mail, 9589 0710 5270 0217 8511 64 which was delivered on April

18,  2024 at 2:15pm. Experian, P.O. Box 4500, Allen, Tx. 75013.

17. Plaintiff obtained three Experian Credit Reports, Experian Report #0669-1561-13 on

May  11, 2024; Experian Report dated June 29, 2024; and Experian Report #

3115-5090-47 dated July 16, 2024 since complaining about the disputes on his credit

report. There were no changes.

18.   Plaintiff forwarded another dispute to Experian via usps service

#9589071052700034068066 which was delivered on July 16, 2024, Allen, Tx. 75013 at

12.05pm. Disputed items included following inaccuracies (see attached letter dated

June 30, 2024.

a.   Inaccurate personal information
b.   Inaccurate Cap1/wmt balance

17

c. Jefferson Capital, no first date of delinquency, filed lawsuit outside SOL, attempt to collect debt, no verification of debt, and re-aging alleged debt

d. One Main, breach of contract, no arbitration over dispute, third party interference, disputed balance, and no first date of delinquency

e. I.C.System, Inc., no verification of debt, not my account, payment disputed

f. Pending Court cases and no public record-comment provided denied

g. Recent Dispute, Borrower Defense, Mohela, Student Loan - debt disputed

h. Failure of Experian to conduct reasonable investigation

19. The disputes on Experian Report, account # 3115-5090-47  dated July. 16, 2024

has not been addressed by Experian.

## V. CAUSES OF ACTION

### COUNT I - VIOLATION OF RICO ACT SECTION 1962(c)

20.  Plaintiff re-alleges the preceding paragraphs.

21.  The RICO Act prohibits an enterprise which can be a legal entity or an **association in fact** (a group of individuals associated together for a common purpose) to ban together to collect unlawful debt. Plaintiff claims that defendants have engaged in a continuous pattern using **scienter based relationships** which break by civil and criminal laws. Sedima, S.P.R.L. v. Imrex Co., Inc. 473 U.S. 479 (1985).

22. Plaintiff claims that defendants engaged in a common purpose to collect unlawful debt: (1) by overcharging for no service, wrong service,  or inferior service, (2) **breaching the  implied covenant of good faith and fair dealing in the performance and enforcement of said contract(s)**, i.e. One Main; (3) **unjust enrichmen**t, (4) t**heft by deception**, and (5) **abuse of judicial process**, i.e. attempt to collect debt banned by a  statute of limitations. Plaintiff claims that defendants [by passed] the law to engage in economic retaliation.

23. Under a RICO claim, the plaintiff must show a pattern of racketeering of criminal activity

from the 18 U.S.C. 1961 list: Plaintiff claims that by failing to intentionally investigate his civil

rights violation complaints .... defendants have been emboldened to commit further violations of

(a) 18 U.S.C. 1503 obstructing justice, under the "Omnibus Clause" i.e. tampering, destroying,

concealing, and falsifying evidence or company records and  corrupt persuasion of a court

officer in a judicial proceeding, (b) plaintiff claims defendants extended credit but broke laws

in an attempt to collect unlawful  debt, (c) Defendants violated (18 U.S.C.1341 and 18 U.S.C.

1343) by using the mail and wire  to further the scheme to collect an unlawful debt. Plaintiff

cites more than two criminal acts engaged in by defendants within the last ten years.

24. Plaintiff claims that Jefferson Capital LLC is a debt collector that operates in multiple states.

Newman Publishing, Easy Pay Leasing, and the Houston Police Dept./City of Houston conducts

business in multiple states. Newman Publishing and Easy Pay Leasing have threaten to report

accounts to credit bureau when no services have been performed or when vendor  failed to

repair my vehicle which had to be towed from their shop twice. Plaintiff claims that the

motivation for the retaliation is that the **pending lawsuit against the City of Houston** will

reveal past and present Internal Affairs Police corruption. This following cases relate to

whistleblowers and police corruption:  Gregory v. City of Louisville,444 F.3d. 725 (6th Cir. 2006).

O'Donnell v. City of Chicago, 2003 U.S. Dist. LEXIS 15507 (N.D. III, 2003). Sharp v. City of

Houston, 164 F.3d 923 (5th Cir. 1999). In 2015, Mayor Rahm Emanuel, after releasing the video

of the shooting of Laquan McDonald, finally admitted that a code of silence exist which is

characterized by false documents, fraud, obstruction of justice, and retaliation. The City of

Houston has condoned the code in the past. Therefore, any time you cross the blue line, you will be retaliated against.

25. Plaintiff can factual show a pattern of racketeering activity by an association in fact enterprise that has existed over the past ten years. For example,(**A**) the May 31, 2018 fabricated government record issued by Chief Art Acevedo which an FBI agent claimed as fraud by **tampering with a  Government record. (B**) The concealment of the HOA delinquent property dues during the sale of the property was a violation of the property code 207.004 by Carlos Sauzo and Attorney Robert North was another **act of fraud. The use of the U.S. Mail** and the electronic filing on the transaction was a form of mail and wire fraud (18 U.S.C. 1343). **Under Texas Property Code & 5.008, concealing HOA dues is a violation.  Under Texas Penal Code 15.02, Mr Suazo and Attorney North committed a felony criminal conspiracy based on the $3,000 that Mr. Suazo stole.**  When Attorney North threaten Plaintiff with foreclosing on the property, Attorney North and Suazo engaged in a conspiracy to extort and to collect an unlawful debt. Attorney North and Suazo planned to use the consumer reporting agencies to record the unlawful foreclosure as part of their scheme to defraud the plaintiff.

**(c )Another example of defendant's fraud were the false documents** submitted to the small claims court case # 234200425693 by Jefferson Capital,  Attorney Matthew Cooper,  which omitted the first delinquent date which was September 2019. Based on the  December 2023 filing of the lawsuit, Jefferson Capital committed fraud by filing a lawsuit banned by the Statute of Limitation. Jefferson Capital also violated RICO **mail and wire fraud statutes**. Despite this fraud, **(D)** Judge Korduba failed to examine the fraudulent records presented by

Attorney Cooper. She also coached Attorney, Edwards, **(D1)** to retract an agreement to have the

case continued so Plaintiff could obtain the case records and to discuss the case. Plaintiff

never discussed case **(D2)** with Attorney Cooper and only met Attorney Edwards for 2 minutes

on June 11, 2024. Judge Korduba deprived the plaintiff of due process under color of law.

Plaintiff filed a motion to transfer/consolidate Jefferson Capital LLC and **Carlos Suazo** to

federal court and Judge Korduba denied **(D3)** the motion claiming that the Federal Judge had

not signed the motion. Plaintiff claims that RICO predicate acts includes HPD IAD fabricating

documents to **collect unlawful debt. On June 4, 2024, a Houston Police Internal Affairs**

**Investigator penned a fraudulent letter from Memorial** Northwest Homeowners

Association to me claiming that I owed delinquent HOA dues in the **amount of $1,024.56** after

I closed and paid all delinquent HOA dues in January 2024. See exhibit. This is the same

Northwest Homeowners Association, that was represented by Attorney North and conspired

with Carlos Sauzo who stole $3,000 from the plaintiff. The above letter represents another part

of the RICO conspiracy to collect unlawful debt via mail fraud **(D4)**. When Judge Korduba

awarded a judgment based on a debt banned by the statute of limitations, this was the

ultimate **obstruction of the administration of justice** (**D5**). In the process of making this

unlawful judgment, Judge Korduba violated my constitutional rights of equal protection under

the law as well as my 5th and 14th rights of due process under the law **(D6).**

On June 12, 2024, I filed a **motion to vacate the judgment and for a new trial.** Judge

Korduba never mailed me a copy of the June 11, 2024 Judgment **(D7)**. Judge Korduba

engaged in **judicial misconduc**t by filing a judgment which she knew or should have known to

be false. Attorney Cooper,  Attorney Edwards, and Judge Korduba  committed the offense

of **abusing of process (D8)** by using legal procedures  to support a judgment which was

banned by the statute of limitation.  Under the RICO section, (e) **Perjury**, 18 U.S.C. 1621,

Attorney Cooper committed perjury as an officer of the court when he took an oath to

file truthful pleading before the Court.

Judge Korduba violated the Sixth amendment by (**D9**) denying plaintiff his **constitutional right
to cross examine**  Attorney Cooper and Attorney Edwards  under oath regarding the false

documents that were submitted to the Court. Plaintiff claims that defendants acts were willful

since Judge Korduba and  Jefferson Capital attorneys had six months to withdraw the lawsuit

and or abandon the conspiracy **(D10**) to collect an unlawful debt which was based on

concealing the first delinquent date. Plaintiff also claims that Judge Korduba engaged in ex

parte communication **(D11)** with law enforcement officers not involved in the case and that she

may have concealed a conflict of interest in her knowing defendant's Carlos Suazo's wife who

may work for the local constable office or the Harris County Sheriff Department. Plaintiff claims

that her ex parte communication influenced her judicial decision.

26. In 2012, plaintiff had to sue Experian for allowing  HPD to dump unlawful debt on his credit

report. At that time, plaintiff was threatening a lawsuit against the police department for

employment retaliation. The  ultimate goal of the "**association by fact enterprise**"

was  to use the false debt claim and the FCRA and FDCPA violations to effectuate a fraudulent

judgment which could be used as leverage to force the plaintiff to sell his home or to deny him

credit.   Defendants' actions were driven by racial animus and political associations.

27. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

### COUNT II- CONSPIRACY TO COMMIT RICO VIOLATIONS TO COLLECT UNLAWFUL DEBT[JEFFERSON CAPITAL, STUDENT LOAN, ETC.]

28. Plaintiff re-alleges the preceding paragraphs.

29. Plaintiff claims members of the enterprise were individually approached by a member of law enforcement who had no legal right to use their police resources to conduct surveillance Plaintiff claims that the Houston Police Internal Affairs investigator approached Carlos Sauzo, Gabby of One Main, Fabian Martinez of Coldwell Bank, Judge Korduba, and other defendants. According to Experian Consumer Report, the first date of delinquency was Sept. 2019. Jefferson Capital filed their lawsuit on December 2023. On Nov. 29, 2023, plaintiff raised the defense that the debt was banned because it was outside the statute of limitation. Exhibit _____ Attached. Judge Korduba ignored plaintiff's **affirmative defense** and ruled against defendant In favor of Jefferson Capital on June 11, 2024. On June 12, 2024, Plaintiff (Hall) filed a motion to vacate the judgment and a motion for a new trial.

30. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

### COUNT III -42 U.S.C. 1983 and or CONSPIRACY TO COMMIT 42 U.S.C 1983

31. Plaintiff re-alleges the preceding paragraphs.

32. Plaintiff claims that **Judge Korduba is a state actor under color of law** and she deprived plaintiff of his constitutional rights under the equal protection clause of the 5th and 14th amendment by engaging in racial animus and denying him a continuation, the opportunity to Inspect records, a failure to notify him of her judgment, coaching the opposing counsel, failing

23

to sanction Attorney's Cooper for submitting false documents, failing to examine documents

filed, failing to respond to the motion to vacate the judgment and the motion for a new trial,

denial of the motion for production, and misapplying the four year statute of limitation year.

33. Plaintiff claims that Judge Korduba engaged in the disparate treatment of plaintiff's case

because she disagreed with plaintiff exercising his first amendment rights in speaking out

against police and judicial corruption; therefore, **she retaliated** against plaintiff by approving the

collection of a debt which was banned by the statute of limitations.


34. Plaintiff seeks a declaratory judgment and injunctive relief.


35. Plaintiff claims that other state actors such as Carlos Sauzo, a police officer, and or

an unnamed Houston Police law enforcement officer may have **access their police computer**

to unlawfully invade plaintiff's privacy based on excessive personal information placed

on the **Experian consumer report.** . Plaintiff claims that the unauthorized use of the police

computers were constitutional violations of the 4th amendment search and seizure laws and

support a 42 USC 1983 claim under (Katz v. United States, 389 U.S. 347 (1967).. Plaintiff claims

that the **discovery of electronic records** will prove this police misconduct. Whalen v. Roe, 429

U.S. 589 (1977).

36. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.


## COUNT IV - VIOLATION OF THE FCRA BY EXPERIAN


37. Plaintiff re-alleges the preceding paragraphs.

38. Plaintiff claims that Experian **procedural safeguard were non-existent** therefore any one

could steal plaintiff's personal identifiers and access plaintiff consumer report in order to place false, inaccurate, non-verifiable, and misleading information on his Experian consumer report. Plaintiff further claims Experian violated the FCRA by **failing to conduct reasonable investigations**. (15 USC& 1681 e(b). Experian allowed Jefferson Capital to place a debt on Plaintiff's consumer report which was barred by the statute of limitations which was **misleading to creditors.  No where on the Experian credit report does it indicate that the alleged debt is non-enforceable.**

In addition to Experian allowing Jefferson Capital to place a debt on their consumer report, Experian allowed Jefferson Capital to omit the first date of delinquent and manipulate the Original first date of delinquent in order to re-season the debt by omitting the original date. Plaintiff claims that Experian was negligent and willful because despite their reinvestigation efforts; Jefferson Capital was still allowed to re-season the alleged debt by omitting the first date of delinquency. (Pinner v. Schmidt, 805 F.2d.1258, 1262 (5th Cir. 1986). Rather then delete the Jefferson Capital account for furnishing inaccurate, false, misleading, and unverifiable information,  Experian conspired with Jefferson Capital LLC to allow the non-enforceable debt to remain on the plaintiff consumer report.

.Plaintiff claims that Experian was negligent and willful in their failure to use reasonable procedures.  Plaintiff claims that Experian produced a  consumer report which was misleading. Under FCRA section 605(a), consumer reporting agency may not report adverse Information that is more than seven years old. **Under FCRA Section 623(a)(5), furnishers of information must use the first date of delinquency for determining the seven year period.**

In this case, Experian ignored the first date of delinquency and allowed Jefferson Capital LLC to commit fraud.

39.. Experian was willful, intentional, and acted with malice by failing to conduct a reasonable Investigation as required by FCRA. After several reinvestigations, Experian failed to correct inaccuracies and failed to remove accounts which were inaccurate, misleading, confusing, and unverifiable after written notices about disputes.

40. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT V - VIOLATION OF THE FCRA BY EXPERIAN

41. Plaintiff re-alleges the preceding paragraphs.

42. Experian violated FCRA by failing to adopt and follow reasonable procedures to assure maximum possible accuracy of Hall's consumer credit and other personal information (15 U.S.C. & 1681i).

43.Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT VI -VIOLATION OF THE FCRA BY EXPERIAN

44. Plaintiff re-alleges the preceding paragraphs.

45.. Experian violated FCRA by collaborating with an HPD Internal Affairs officers to access consumer's  credit report for non-permissible purposes (15 U.S.C. & 1681b (a).

46.Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT VII- VIOLATION OF THE FCRA BY EXPERIAN

47. Plaintiff re-alleges the preceding paragraphs.

48  Experian violated FCRA by failing to ensure accuracy, fairness, and privacy of personal information (15 USC & 1681);  knowing that plaintiff is a law enforcement officer, Experian violated FCRA by collaborating with IAD investigator for a non- permissible purpose  (15 USC & 1681b(a)); HPD internal affairs investigators had no legitimate reason to conduct surveillance on the plaintiff.

49. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT VIII- VIOLATION OF THE FCRA BY EXPERIAN

50. Plaintiff re-alleges the preceding paragraphs.

51.  Experian violated FCRA by allowing slanderous and misleading  information to be placed on consumer's credit report; when  (15 USC 1681e(b)-requires accuracy of information.  The same could be said about the  **Mohela and the student loan dispute**.

52. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT IX- VIOLATION OF THE FCRA BY EXPERIAN

53. Plaintiff re-alleges the preceding paragraphs.

54.  Experian violated FCRA by **failing to disclose the sources of who they interviewed** and consulted with to validate the information placed in  consumer's credit report (15 USC 1681g(a)(2)), i.e. Jefferson Capital, One Main, Mohela. On 8-1-24, a debt collector for IC Systems informed plaintiff that she would settle his debt for $138.04 **because she didn't have access to AT&T records to verify the debt.** She stated that her collection company

deleted the account. I told her that the collection entry was still on my Experian consumer report. She stated no one contacted her.

55. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT X - VIOLATION OF THE FCRA BY JEFFERSON CAPITAL LLC

56. Plaintiff re-alleges the preceding paragraphs.

57.  JEFFERSON CAPITAL LLC  violated 1 U.S.C. & 1681s-2(b) by failing to investigate disputed  information which was triggered by a dispute notice sent by CRA. Jefferson Capital deliberately omitted furnishing the first date of delinquency.

58. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT XI - VIOLATION OF THE FCRA BY JEFFERSON CAPITAL LLC

59. Plaintiff re-alleges the preceding paragraphs.

60.  JEFFERSON CAPITAL LLC  violated FCRA by falsifying and concealing the **first date of Delinquency.  Jefferson Capital Systems LLC failed to validate the debt. Jefferson Capital fraudulently concealed the OneMain first date of delinquency from plaintiff in order to file false pleadings before the court.** Plaintiff claims that Experian produced a  consumer report which was misleading. Under FCRA section 605(a), consumer reporting agency may not report adverse Information that is more than seven years old. Under FCRA Section 623(a)(5), furnishers of information must use the first date of delinquency for determining the seven year period.

61. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT XII - VIOLATION OF THE FCRA BY JEFFERSON CAPITAL LLC

62. Plaintiff re-alleges the preceding paragraphs.

63.  JEFFERSON CAPITAL LLC  violated FCRA by communicating to the CRAs

information which was false and that the debt wasn't  disputed 15 USC & 1692e(8).

64. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT XIII - VIOLATION OF THE FCRA BY JEFFERSON CAPITAL LLC

65. Plaintiff re-alleges the preceding paragraphs.

66.  JEFFERSON CAPITAL LLC  violated FCRA by misrepresenting the character, amount,

or legal status of any debt. 15 USC & 1692e(2)(a). On 8-1-24, Jefferson Capital LLC violated

Its own contract when the contract stated no post judgment interest would be charged. Jefferson

Capital increased the amount of the debt owed, the court cost, and the post judgment interest

on the consumer report of a debt that plaintiff claimed an affirmative defense on Nov. 29, 2023

that  the debt was  banned by the statute of limitations.

67. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT IVX - VIOLATION OF THE FCRA BY JEFFERSON CAPITAL LLC

68. Plaintiff re-alleges the preceding paragraphs.

69.  JEFFERSON CAPITAL LLC  violated FCRA by failing to provide accurate information

(15 USC & 1681s-2(a)) to the credit reporting agency in order to collect unlawful debt. Plaintiff

sought arbitration from OneMain as part of their contractual agreement.

70. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT XV - VIOLATION OF THE FCRA BY EXPERIAN, ONEMAIN, JEFFERSON

## CAPITAL, AND HOUSTON POLICE/LAW ENFORCEMENT AGENT

71. Plaintiff re-alleges the preceding paragraphs.

72. EXPERIAN, JEFFERSON CAPITAL LLC., ONE MAIN, AND HOUSTON POLICE/ LAW

ENFORCEMENT AGENT**(Carlos Suazo**)/**Unk Known Internal Affairs Officer**, violated FCRA

15 USC &1681b which governs permissive purpose to access a consumer report as a third

party.

Plaintiff claims an unknown law enforcement agent unlawfully collaborated with OneMain,

Jefferson Capital, and Experian and accessed the plaintiff's consumer credit report for

non-permissive purposes in order to discriminate and retaliate against plaintiff by interfering

in his retail consumer contract, by submitting inaccurate, false, deceptive, and misleading

information, and by failing to conduct reasonable investigations of disputes made by

consumer/plaintiff related to his consumer credit report. Credit Related cases: Shaunfield v.

Experian Information Solutions, Inc. 991 F.Supp. 2d 786 (N.D. Tex. 2014), Sepulvado v. CVC

Credit Services, Inc. 158 F.3d 890 (5th Cir. 1998), Pinner v. Schmidt, 80 F.2d 1258 (5th Cir.

1986), Thompson v. San Antonio Retail Merchants Association, 682 F.2d 509 (5th Cir. 1982).

73. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## COUNT XVI - VIOLATION OF THE FCRA BY LAW ENFORCEMENT AGENT, Carlos Suazo

74. Plaintiff re-alleges the preceding paragraphs.

75. Defendant, Carlos Suazo, sold plaintiff the property located at 17818 Running Brook Ln. in

2017. During  the sell, Mr.Suazo, **lied (perjury)** about paying the delinquent HOA homeowners

association dues. Mr. Suazo and Attorney North extorted $3,000 dollars under the threat of

foreclosing on the Property if the plaintiff did not pay.

Mr. Sauzo also lied (perjury) about reporting my mortgage payments to the three credit bureaus

which would have boosted my credit scores. When plaintiff requested the bookkeeping for the

escrow analysis, Mr. Suazo refused. There is a possibility that Mr. Suazo overcharged me with

respect to the amount of insurance and taxes that he was paying to the mortgage company.

After refinancing the property in January 2024 and filing a small claims complaint in Judge

Korduba court,  Mr. Sauzo finally admitted that he lied when he stated that he only owed $970

instead of $3,000 plus interest for seven years. By failing to admit that he owed delinquent HOA

dues, Mr.Suazo violated Sec. 207.004 Property Code 207: Disclosure of Property Owner

Association. Plaintiff claims that Mr. Suazo committed perjury and the perjury was for the

purpose of collecting unlawful debt and part of a RICO enterprise.

76. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.


### COUNT  XVII   VIOLATION OF ADMINISTRATIVE PROCEDURAL ACT DOE

77.  Plaintiff re-alleges the preceding paragraphs.

78. Under 5 U.S.C. 706(1), **the Department of Education** failed to investigate complaints of

discrimination and retaliation at Capella University and the interference of an education contract

by the Houston Police Department under 42 USC 1981 which lead to HIPPA violations and

employment discrimination/ retaliation. Plaintiff was not  able to pay his student loans,

obtain employment, and obtain credit due to the IAD's stigma plus smear conspiracy against

him. Plaintiff claims that the Department of Education failed to investigate  under Section

551(13).

79. In 2013, Plaintiff filed a complaint with the OCR division of the Department of Education against the Capella University for conspiring with the Houston Police IAD investigators claiming that he was mentally unfit; [**HIPPA violations**]. Capella conducted a diminished internal investigation which denied that the plaintiff was being discriminated against by instructors. DOE failure to investigate resulted in an increase in student loan debt.

80. On June June 25, 2018, Plaint wrote to **Betsy Devos**, Secretary of Education regarding the discrimination and retaliation merging Capella and HPD. No investigation.

81. On June 27, 2018, Plaintiff wrote the OCR and explained that due to employment retaliation he  was unable to pay his student loan debt. Plaintiff included **50 job applications**. The letter was also directed to the FBI regarding police corruption. Still no DOE investigation.

82. On July 3, 10, 2018, Plaintiff wrote the OCR and explained that he was being "**blackballed**" and unable to pay his student loan debt. Still no DOE investigation.

83. On July 10, 2018, Plaintiff filed an employment retaliation complaint with the EEOC case#460-2018-0499.

84. On Feb. 4, 2019 and July 19, 2019, Plaintiff wrote the OCR again regarding civil rights violations at Capella.  Still no investigation. On **June 25, 2019**, **the Borrower's Defense Discharge lawsuit was  filed against Betsy Devos, Secretary of Education**. Even after constructive notice, the Department of Education never notified me of the lawsuit. The massive

student loan debt remained on my credit report as a financial hardship.

85. On 10-18-23,Plaintiff also wrote **Miguel Cardona**, Secretary of Education requesting

assistance regarding the civil rights violations that he was experiencing.  Still no investigation.

86. On 7-19-24, Plaintiff filed a complaint with **General Counsel, Lisa Brown,** of the

Department of Education which included the Borrower Defense Discharge application and

supporting documents. Plaintiff forwarded General Counsel, Lisa Brown, a **94 page** document.

Still no investigation.

87. On July 27, 2024, Plaintiff was told by the Borrower Defense Discharge section that he

needed to resubmit his application.

88. In the information forwarded to General Counsel, Lisa Brown, Dept. of Education, plaintiff

provided proof that Capella University violated his civil rights by passing a white student and

failing him. This document was labeled evidentiary notes and dated **September 15, 2011. The**

**Failure of the Department of Education to conduct an investigation resulted in plaintiff's**

**student loan debt increasing astronomically. The nexus between plaintiff's complaints of**

**discrimination,  retaliation, and interference was confirmed on Oct. 3, 2022.**

89. On Oct. 3, 2022, Officer Cromwell who works at the gun range informed me that he

**could not approve my HPD identification card because my payroll was flagged with**

**derogatory administrative concerns information based on an incident that occurred in**

**1995**. The stigma plus smear campaign was triggered when the City of Houston, Asst. City of

Attorney, Robert Lee, destroyed plaintiff's medical records in order to claim he had a mental health issue when physicians stated he didn't. Under the enterprise theory, the DOE and the City of Houston were  government entities in associations of fact,  the Department of Education had a duty to investigate but allowed the association with political friends as a barrier preventing Plaintiff's right to an investigation regarding his civil rights and retaliation complaints that merged Capella and HPD interference.  Prior to Oct.3,2022, the City of Houston failed to intentionally investigate any of plaintiff's civil rights complaints because of the Police Department's code of silence. This is why the plaintiff sought assistance from the Department of Education.

90. **On July 27, 2024**, a loan officer reviewed my consumer credit report and stated that my student loan and the Jefferson Capital LL collection account prevent me from being refinanced for a home loan. The loan officer claimed that my score was 610;  therefore, I was automatically disqualified. The loan officer further stated that I would have to pay ½ of .01 percent which would be $1,306.00 per month based on a student loan balance of $261, 000. Plaintiff claims that the Department of Education failure to investigate his civil rights investigations and the third party interference of the Houston Police Department in 2011 lead to the overcharging of his student loan debt and his denial of employment under the public service cancellation program.  The discovery of plaintiff's payroll being flagged on Oct. 3, 2022 since 1995 indicates the deliberate indifference by the Department of Education regarding his inability to repay his student loan debt.

Under 34 C.F.R. & 685.206(c), a borrower may claim defense to repayment based on any act of the school that would give rise to a legal action. In cases of third party interference where

collusion resulted in the school's misconduct causing an increase in plaintiff's student loan amounts **such interference** is imputed back to the University. Plaintiff recalled that Dr. Gambone, a Capella proctor, inquired into Plaintiff's mental health; Plaintiff had no knowledge that Dr.Gambone's comments were trigger by HPD flagging his payroll with false and derogatory mental health comments since 1995.

The failure of the Department of Education to conduct an investigation after receiving **constructive notice** contributed to MOHELA servicing a student loan without including borrower defense discharge information placed on the consumer credit report which was inaccurate and misleading. Plaintiff claims that Department of Education officials flagged his student loan account and decided to allow the debt to increase without a fact gathering investigation. This lawsuit seeks answers as to why Department of Education officials were willfully negligent by causing plaintiff's student loan debt to financially harm him for 30 years and give potential creditors the impression that he was irresponsible about paying his student loan debt when he repeatedly stated that he couldn't pay due the HPD stigma plus flagging of his payroll.

Plaintiff claims that the Department of Education's failure to investigation was connected to an overall political scheme to defraud plaintiff into acquiring government funds which he could not Repay based on the stigma plus smear campaign placed in his internal affairs file by HPD (City of Houston).

Under the Houston police code of silence, the failure to report misconduct and the failure to Investigate raises serious constitutional due process issues under the 14th amendment

regarding the denial of life, liberty, and property by the government. The failure to investigation

also raises concerns of unequal treatment under the equal protection clause. In City of Canton

v. Harris (489 U.S. 378 (1989), a municipality is liable under a 1983 claim when they fail to train

officers about the constitutional rights of citizens.  In all lawsuits,  defendants participated in the

City of Houston' s stigma plus smear campaign without conducting a "name clearing"

Investigation despite constructive notice. Therefore, plaintiff's due process and equal

protection rights were violated resulting in economic harm.

91.  In addition to compensatory and punitive damages, plaintiff seeks injunctive relief and

declaratory relief which includes that the DOE conduct the proper investigation and cancel all of

plaintiff's student loans.

92. After speaking to the loan officer regarding the impact of the student loan on my credit on

July 26, 2024, I received a call from a police organization which was a tactic to remind me that

the police department were tapping my phone and using illegal pen registers with no

accountability. The number was **1-877-645-0888. Plaintiff claims all defendants were

approved by a Houston Police Internal Affairs officer.** Under the Houston  police code of

silence,  the failure to investigate encourages more civil rights violations and more retaliation. As

mentioned, an electronic audit of plaintiff's payroll will show that IAD officers used their company

computers to access his personal information a million times since he retired from HPD in 2004.

93. Defendant's acts and omissions were the proximate cause of Plaintiff's injuries.

## VI. DAMAGES

94. Plaintiff re-alleges the preceding paragraphs.

95. Plaintiff seeks statutory damages in the amount of $1000 for each incident.

96. Plaintiff seeks compensatory damages include: denied credit applications_____

Vehicle $30k; Home Purchasing $345K; Credit Cards $500 to $1000; Insurance $5,000; $12 k

for air conditioners, _____

Higher interest rates_____

Higher insurance premiums _____

Lost income and Employment Opportunities _____50 t0 75 employment applications_

Legal expenses_____labor hours $400 per hour __to be added _____

Out of Pocket expense_____$10,000 —-Supplies, Software _____

97. Plaintiff seeks damages for emotional distress, mental anguish, frustration, Intentional

emotional distress, depression, embarrassment, and humiliation_**30 million for 30 years**

_____

98. Plaintiff seeks damages for slander, libel, defamation of character and reputational damage

for placing false, inaccurate, unlawful, misleading information on his consumer credit report and

for the failure to investigate based on HPD flagging his payroll with false Sigma Plus

Information used to discredit him. _____

99. Plaintiff seeks reasonable and necessary attorney fees, cost of court, legal expenses, and

pre- and post-judgment interest.

## VII. PUNITIVE DAMAGES

100. Plaintiff re-alleges the preceding paragraphs.

101. Plaintiff seeks punitive damages for the willful, wanton, and unconscionable acts of

Defendants in violation of FCRA 1 U.S.C. & 1681n(a)(2). Plaintiff claims that defendants

were given constructive notice on many occasions but they refused to investigate

disputes and complaints made [to them] by the plaintiff. As a result,  the discrimination

and retaliation continued for 30 years. Plaintiff seeks 30 million dollars for each year that

Defendants failed to investigate.

102. Plaintiff further claims that punitive damages are warranted because defendants active

Involvement in the police code of silence.

103. Plaintiff further seeks punitive damages in treble for the defendants who participated in the

RICO conspiracy and violations. To be calculated.


## VIII. JURY TRIAL DEMAND


104. Plaintiff demands trial by jury on all issues so triable.

### PRAYER

For these reasons, Plaintiff asks for judgment against Defendants, jointly and severally, for the

Following elements of damages.

- a.  Statutory damages
- b.  Actual damages
- c.  Mental anguish, intentional emotional distress, depression, frustration
- d.  Punitive damages
- e.  Cost of court
- f.  All reasonable and necessary attorney's fees;
- g.  All other relief the court deems appropriate at law and in equity


Respectfully,
/s/ John E. Hall

Dr. John "Jay" Hall aka John E. Hall, Pro Se
17818 Running Brook Ln
Spring, Tx. 77379
Email: Jayearl2007@yahoo.com

## CERTIFICATE OF SERVICE

**Lisa Brown, Office of General Counsel**
U.S. Department of Education
400 Maryland Ave. S.W.
Washington, D.C. 20202
202-401-6000

---

**City of Houston**
City Secretary
900 Bagby
Houston, Texas 77002

---

**Newman Springs Publishing Legal**
320 Broad Street
Red Bank, NJ 07701
support@newmansprings.com

---

**Easy Pay Leasing**
P.O. Box 208404
Dallas, Tx. 75320
Nicole.blackwood@easypayfinance.com
Compliance@@easypayfinance.com

---

**Judge Korduba**
Harris County Justice Court
 Precinct 4, Place 2

---

**Carlos Suazo**
17811 Mahogany Forest Dr
 Spring, Tx 77379

---

**Registered agent**
Experian
641 South Lawrence St.
1209 Orange Street
Wilmington, DE 19801
Delaware Division of Corporations
302-658-7581
2666598

---

**Register Agent**
Corporation Trust Center
Jefferson Capital LLC
Montgomery, AL 36104

---

**Corporation Service Company Inc**.
Jefferson Capital Systems LLC
200 14th Avenue E
Sartell, MN 56377
000-617-217

**IC Systems**
444 Highway 96 East
St. Paul, Minnesota 55127

Experian Information Solutions
475 Anton Blvd.
Mesa, CA 92626

Jefferson Capital LLC
Attorney Matthew W. Cooper
1120 Metrocrest Dr,
Carrollton, Tx. 7006

I hereby certify that on _____2024, a copy of the foregoing

was served via U.S. Mail to the physical address _____ or emailed to

Defendants' email.

Respectfully,

/s/John E. Hall
Dr. John "Jay" Hall aka Dr. John E. Hall
17818 Running Brook Ln
Spring, Tx. 77379